United States District Court
Southern District of Indiana
Terre Haute Division

(Pg. 1)

SCANNED at WVCF and Emailed on 7-30-24 by DS — 11 pages (date) (initials) (num)

FILED
07/30/2024
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

James E. Phillips,
Plaintiff,

vs.                     No. 1:23-cv-00412-JRS-CSW

Z. Fawver et. al.,
Defendants

## Plaintiff's Request for Default Judgment to U.S. Court Clerk

Plaintiff by Pro. Se counsel submit this motion in good faith in pursuant to Court Rules and Procedures.

Plaintiff Respectfully, Humbly, and Urgently request the Honorable Clerk of the Honorable courts to enter Judgment in Plaintiff's favor by Default due to the Defendants not being in compliance with any of the Court Rules and Procedures in this civil complaint filing and failing to challenge Plaintiff's civil complaint filing and the argument and claims within. Plaintiff affirmed and attested under the Penalties of Perjury ® in his civil
(Please view Exhibit A)
complaint filing which constitute Plaintiff's civil complaint and the argument and ~~claims~~ Claims within to be considered as true and correct due to Plaintiff affirming and attesting under the Penalties of Perjury that the contentions offered were True and Correct to the Best of his knowledge within that civil complaint filing. (See) <u>Jones V. Blanas, 393 F.3d 918, 923 (9th Cir.</u>
(Please view Exhibit A)
<u>-2004)</u> ("holding that where the Plaintiff is Pro. se, the court must consider as evidence in his opposition to Summary Judgment all of Plaintiff's contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissable in evidence, and where Plaintiff attested under Penalty of Perjury that the contents of the motions or pleadings are true and correct.") The Honorable courts and Clerk issued both the Defendants and Plaintiff an order setting schedule for Discovery and other Pretrial matters in Prisoner Litigation and Settlement Demand was set for December 4, 2023 and Motions for Summary Judgment was set for April 12, 2024 in which the Defendant filed motions for Time Extension and that date was ultimately Extended to June 25, 2024. On November 27, 2023 the Honorable courts and Clerk received a mailed letter motion requesting settlement negotiations for to be forwarded to

(Pg. 2)

the Defendants and the Honorable courts asked the Defendants to respond to Plaintiff's settlement offer negotiations within 30 days. The Defendants received Plaintiff's settlement offer negotiations and declined those offers and also declined to make a counter offer to Plaintiff due to the Defendants determining a Summary Judgment Filing would be the appropriate route to address this civil complaint and to settle this civil complaint. The Defendant advised Plaintiff that they intended on filing motion for Summary Judgment on the allotted Date and the Defendants did not chose the option for a Jury Trial nor did they file a motion within the Honorable court requesting a Jury Trial instead of a settlement agreement and a motion for Summary Judgment Filing. The Defendants have not informed the Honorable courts of a Jury Trial after they responded to Plaintiff's settlement offer nor after they did not file a motion for Summary Judgment which is

an violation and abuse of court Rules and court Procedures as well as a violation and abuse of the order setting schedule for discovery and other pretrial matters in Prisoner litigation. The Defendants forfieted their Jury Trial option when they determined that a Summary Judgment motion Filing would be appropriate to settle this civil complaint and they Failed to utilize that Summary Judgment Filing option. If the Defendants would have utilized their option to file motion for summary judgment then the option for a Jury Trial would be available depending on the outcome and ruling of that motion for Summary Judgment Filing and depending on if an settlement agreement could be reached if Judgment was granted in Plaintiff's favor. The Defendants had no plans or intentions on having a Jury Trial before or after they declined Plaintiff's attempts to settle this civil complaint; if they did they would have disclosed that information and option to Plaintiff as well as the Honorable courts in settlement negotiations and they definately would have disclosed that information and option before Summary Judgment filing allotted time expired and atleast by now. The Defendants Failed to utilize their motion for Summary Judgment option to challenge and dispute Plaintiff's civil complaint and the arguments and claims raised within and due to these facts of

(Pg.3)

- materials Plaintiff's civil complaint as well as its constitutional claims and argument went unopposed. It is a matter of law that Plaintiff's civil complaint filing as well as the arguments and constitutional claims raised within that civil complaint filing be considered as True and Correct due to Plaintiff affirming and attesting under the penalties of perjury that the aforementions, contentions, and arguments, and statements are True and correct to the best of his knowledge in his initial civil complaint filing and Plaintiff authenticating and acknowledging that documentation with his signature. (See) Jones V. Blanas, 393 F.3d 918, 923 (9th -2004). The very purpose for filing a motion for summary judgment is to challenge and or oppose the arguments and claims that are raised against you and to prove your claims are right and valid and with merit and to prove the opposing party's claims wrong, invalid, and without merit before determining if a Jury Trial is warranted and needed and the Defendants failed to utilize this court Rule option and court Rule

- Procedure and due to the Defendants not utilizing their option to file a motion for summary Judgment they did not challenge or oppose Plaintiff's civil complaint and the arguments and constitutional claims within, nor did they present evidence of dispute, nor did they prove Plaintiff's arguments and constitutional claims False, wrong, unfactual, invalid, and or meritless. Due to these facts of material Plaintiff proved a Prima facie case due to the defendants not asserting facts showing that his arguments and constitutional claims were False, wrong, unfactual, invalid, and or meritless. (See) Holloway V. Pigman, 884 F.2d 365, 367 (8th Cir. 1989) ("upholding summary judgment for prison officials on a religious freedom claim because the prisoner failed to detail what his religion actually required or assert facts showing the extent of the deprivation of his religious rights.") Due to the Defendants failing to file a motion for Summary Judgment; they failed to set out specific facts showing a genuine issue for Trial and Plaintiff Respectfully, Humbly, and eagerly move the Honorable Judge and clerk to remove the Defendants options for a Trial and to file a motion for Summary Judgment and grant default Judgment in Plaintiff favor as a matter of law. See Rule

- 37 (b)(2)(A)(vi) Fed.R.Civ.P. ("authorizing default judgment for certain discovery violations.")

(Pg. 4)

(Also See) Rule 16(f)(1), Fed. R. Civ. P. ("authorizing Rule 37(b)(2)(A)(vi) sanctions for violations of Pretrial procedure requirements"). According to Rule 16(f)(1), Fed. R. Civ. P. and Rule 37(b)(2)(A)(vi) Plaintiff is entitled to Default Judgment in his favor and should receive a Sum Certain Settlement after the default judgment is entered without the Defendants influence, input, or opinion. The Defendants do not enjoy certain special protections from entry of default judgment and the only option that the Defendants should be allowed to settle this civil complaint filing against them is a Settlement Conference and Settlement because they failed to settle this civil complaint within the options that the Honorable courts provided and granted. (see) Rule 55(b)(2), Fed. R. Civ. P. (and See) Graham V. Satkoski, 51 F.3d 710, 713-14 (7th Cir. 1995) ("affirming inquest award of $550 for failure to treat scalp condition and confiscation and disposal of newspapers, mail, and portable radio.") Plaintiff is suing the Defendants for one hundred thousand in compensatory damages and for one hundred thousand dollars in punitive damages for a total of Two Hundred Thousand Dollars in Damages for First Amendment Retaliation violation claims and for Eighth Amendment violation claims in which Plaintiff was retaliated against by all Defendants with unsanitary and dangerous food and food practices for months that resulted in Plaintiff getting extremely sick because Plaintiff exercised his right of free speech and freedom of speech through civil complaint filings within the Honorable courts. Plaintiff is willing to settle this civil complaint against the Defendants for the calculated sum certain of Thirty Two Thousand Dollars ($32,000) or what the Honorable Judge and Clerk deem fair and just. Plaintiff is asking 15 percent of the compensatory and punitive damages that he is suing the Defendant for and Plaintiff feel this is a fair and just calculated sum certain request from the Defendants and from the Honorable Judge and Clerk. (See Again) Graham V. Satkoski, 51 F.3d 710, 713-14 (7th Cir. 1995) The Defendants argued in their response in opposition to motion for sanction that the reason why they did not move for summary judgment because they believed there are genuine disputes of material fact that preclude summary judgment in this case and this argument and excuse is not factual and hold no merits for the

(Pg. 5)

- following reasons: If the Defendants actually believed there are genuine disputes of material fact that preclude summary judgment in this case then they would have definitely filed a motion for summary judgment arguing, litigating, presenting, supporting, and proving those claims and allegations of genuine disputes of material facts within Plaintiff's civil complaint filing and or deposition transcripts or at very least file a motion for those genuine disputes of material fact to be held in a Jury Trial and the Defendants did not exercise neither of those options to establish, support, corroborate, confirm, present, and prove their non factual and deceitful claims and allegations of genuine disputes of material facts that preclude summary judgment in this case. The Defendants also argued in their response in opposition to motion for sanctions that their settlement notice was filed by prior counsel for Defendants and was filed prior to the completion of Plaintiff's deposition on March 5, 2024 and this excuse still does not negate the fact that when undersigned counsel or new and current counsel was assigned to this case he has a record of all the proceedings of this case making him aware of the prior counsel's actions and decisions and he failed to re initiate a second chance at settling this case through a settlement offer on Plaintiff's behalf or atleast scheduling a settlement conference. The Defendants and undersigned counsel or new and current counsel did not make these decisions because they agreed with the prior counsel's decisions and actions so they did not re-visit and re-initiate the option of giving Plaintiff a chance to make a settlement offer. If the Defendants and/or undersigned counsel and or new and current counsel did not agree with the prior counsel's settlement terms, decisions, actions, and conditions they would have definitely made the Honorable courts and Plaintiff's aware that did not agree with the prior counsel's decisions and they would have definitely made the Honorable courts and Plaintiff aware that they believed a Jury Trial would be appropriate to settle this case well before the Date to file a motion for summary judgment expired. In fact, the same undersigned counsel and or new and current counsel filed atleast 2 time Extension that were granted and still failed to file a motion for summary judgment before

(Pg. 6)

- Filing date expired or atleast make the Honorable Judge, Courts, and Plaintiff aware that they believed a Jury Trial would address and settle this case appropriately. Those are not arguments those are excuses for violating and abusing Court Rules and Court Procedures. These facts of materials establish, support, corroborate, confirm, show, and prove that the Defendants' decision not to file for summary judgment was not in Good faith and that the sanction of Default Judgment in the Plaintiff's favor is appropriate to settle this case due to the Defendants mis-conduct of not settleing this case within the compliance of court Rules and Court Procedure that is decreed by the Honorable Courts.

Wherefore, Plaintiff Respectfully Request the Honorable Courts and Clerk Grant Default Judgment in Plaintiff's favor and award Plaintiff 15 percent of the compensatory and Punitive damages that he is sueing the Defendants for.

Respectfully Submitted,
James E. Phillips, #106333

(Pg.2) Exhibit A

E. JURY DEMAND

☐ Jury Demand – I want a jury to hear my case
    OR

☑ Court Trial – I want a judge to hear my case

Dated this __23__ day of __Feburary__ 20_23_.

Respectfully Submitted,

_____
Signature of Plaintiff

__106333__
Plaintiff's Prisoner ID Number

__Pendleton Correctional Facility, 4490 West Reformatory Road,__
__Pendleton Indiana, 46064__
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper).

F. OPTIONAL CERTIFICATION
Under penalty of perjury, I declare that the facts alleged in this complaint are true and correct to the best of my knowledge and belief.

_____ Signature of Plaintiff

REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE   Yes

☑ I DO request that I be allowed to file this complaint without paying the filing fee. I have completed a request to proceed in the district court without prepaying the fee and attached it to the complaint.

D-6 (revised 4/20/2022)                                Complaint - 5